an omission, in the caption, of the date of holding the term is immaterial, when the date of its presentment and return is stated in the clerk's indorsement, and the allegation in the indictment of the time of the commission of the offence is consistent therewith. *Commonwealth* v. *Hines*, 101 Mass. 33. We are of opinion that a like rule applies to this case, and that the statement, in the caption, of the year in which the court was held, may be rejected as inconsistent with the dates stated in the clerk's certificate and in the body of the indictment, and as manifestly erroneous.

*Judgment on the verdict.*

---

## COMMONWEALTH *vs.* WILLIAM P. BEARSE.

An indictment on the Gen. Sts. c. 160, § 32, which avers that the defendant feloniously, wilfully and maliciously mingled a drachm of a deadly poison, called belladonna, with the food of a certain woman, with intent thereby feloniously, wilfully and of his malice aforethought to kill her, is sufficient, without further averring that he knew the belladonna to be a deadly poison, or did the act knowingly, or that the woman was about to eat the food, or that he intended her to eat it.

INDICTMENT on the Gen. Sts. *c.* 160, § 32,* averring that the defendant at Malden on November 22, 1870, "feloniously, wilfully and maliciously did mingle a large quantity, to wit, one drachm, of a certain deadly poison, called belladonna, with the food of one Elizabeth L. Bearse, with intent, then and there, thereby the said Elizabeth L. Bearse feloniously, wilfully and of his malice aforethought to kill," against the peace of the Commonwealth and contrary to the form of the statute, &c.

Before the jury were empanelled in the superior court, the defendant moved to quash the indictment on the grounds, 1. that "it is not alleged that the defendant knew that the belladonna he is charged with mingling with the food of Elizabeth L. Bearse

---

\* " Whoever mingles any poison with food, drink or medicine, with intent to kill or injure another person, or wilfully poisons any spring, well or reservoir of water, with such intent, shall be punished by imprisonment in the state prison for life, or any term of years."

was poison ; " and 2. that "it is not alleged that the said Eliza-beth L. Bearse was about to take, or that the defendant intended that she should take, the food in which the belladonna was min-gled." This motion was overruled by *Scudder*, J. ; and the defendant was tried and found guilty, and alleged exceptions.

*G. A. King*, for the defendant. The indictment should have alleged that the defendant knew the belladonna to be a deadly poison, or that the act charged as criminal was done knowingly. *Commonwealth* v. *Boynton*, 12 Cush. 499. *Commonwealth* v. *Hersey*, 2 Allen, 173, 181. *Commonwealth* v. *Galavan*, 9 Allen, 271. And it should have been alleged that the woman was about to eat the food with which the poison was mingled, or that he intended that she should eat it. *Commonwealth* v. *Galavan*, 9 Allen, 271.

*C. Allen*, Attorney General, for the Commonwealth.

By THE COURT. The indictment sufficiently sets forth an offence under the statute. *Exceptions overruled.*

---

## COMMONWEALTH *vs.* CHARLES H. DORUS.

In an indictment on the Gen. Sts. *c.* 160, § 28, for threatening to accuse another of a crime with intent thereby to extort money from him, an averment that the defendant accused a man of seducing a woman, and said that she would swear to it, and that her oath would send him to the state prison, but that, if he would pay the defendant $1000, the defendant would let him go, imports a present threat, and not merely an offer to com-pound an offence imputed in some past threat or accusation; and it is competent for a jury to find that the word "seduce," so used, imported the commission of fornication or adultery.

An indictment on the Gen. Sts. *c.* 160, § 28, for an unlawful threat, need not set forth the precise words of the threat, or the whole of the conversation in which they were uttered.

An indictment on the Gen. Sts. *c.* 160, § 28, for threatening to accuse another of a crime with intent "by such threat" to extort money, sufficiently avers that the intent was to extort the money by the specific threat set forth.

At a criminal trial, the case was committed to the jury with instructions that, if they should agree on a verdict during the adjournment of the court, they might seal it up and sepa-rate. Upon coming into court after the adjournment, it appeared that they agreed on a verdict and separated without reducing it to writing; and the judge directed them then to reduce it to writing and return it without further deliberation, and they did so. *Held*, that the verdict was invalid.